UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS

RECEIVED NOV 29 2012
NOV 2 9 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

TERRY C. JOHNSON
  Plaintiff,

CASE NO: 12-CV-4950

-VS-

DOROTHY BROWN, et. al.
  Defendants

Jury Trial Demand

FILED
3/14/2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

VERIFIED FIRST AMENDED COMPLAINT

Now comes, Plaintiff, TERRY C. JOHNSON, Pro-se counsel of Record and on his own behalf, for his Verified First Amended complaint against Defendants ("defs"), DOROTHY BROWN ("Brown") AND COOK COUNTY ("cook") And states:

PRELIMINARY STATEMENT

1). This is a proceedings for monetary damages, as well as nominal, punitive, injunctive and declaratory Judgment, or any relief the court deems just and proper, to redress the deprivation of Plaintiff TERRY C. JOHNSON ("Herein Johnson") Civil Rights under: (1) The First amendment to the United States constitution; (2) The Fourteenth amendment to the United States constitution

both in violation of 42 U.S.C. section 1983. et. seq. and Fourth Amendment Rights under the United States Constitution.

## Jurisdiction and Venue

2). This action arises under 42 U.S.C. sec. 1983. Jurisdiction is conferred by 28 U.S.C. sections 1331 (3) and (4).

3) Venue in this court is proper pursuant to 28 USC section 1331 (b) in that the events and omissions giving rise to Plaintiff's claims arose in the nothern District. Based upon information and belief DC'JS Reside in Cook County, State of Illinois.

## Parties

4). At all times Relevant to this litigation Plaintiff Terry C. Johnson was an Pretrial detainee held in the Illinois Department of human services ("DHS"), detained at the Rushville treatment and detention facility ("TDF"), in Rushville Illinois, County of Schuyler.

5). At all times Relevant to this litigation Def. Brown was employed by the Cook County, as the Circuit Court Clerk, she is sued in both her

-2-

individual and official capacity.

6). At all times Relevant to this litigation the def. county of cook, was a local Govermental entity, of the state of Illinois, and owns, operates, manages, directs and controls the cook County Clerks office, and cook county courthouses, which at all times Relevant, Employed def. brown as well as unknown county officials Defs are sued in both capacities.

7). At all times Relevant to this litigation the defs acted under color of law, within the scope of their employment as defined under Federal law.

## Factual Allegations

8). Johnson filed an legal malpractice action against his court appointed attorney Jason Kopec ("Kopec"), on or about november 30, 2010, In the cook county circuit court.

9). Johnson's legal malpractice action was filed Johnson-v-Kopec, 2010-L-013553, and he was granted leave to proceed as a poor person, by the honorable Circuit Court Judge Budzinski.

-3-

10) Johnson sent the original complaint, a curtesy copy, as well as two copies. One for the def. Kopec and for me to be sent a stamped filed copy.

11) Upon information and belief, on Nov. 30, 2010 when the court grants leave to proceed as a poor person, this includes the clerks office and/or def. Brown to serve the summons and complaint upon the def. or party in suit. Once the movant filled out the relevant forms, which Johnson did.

12) On or about December 1, 2010 def. Brown sent back Johnson's copy of his complaint and summons, that he wanted served upon Kopec. She gave no reason why these documents were returned.

13) On or about 12/1/10 plaintiff mailed the copy of the complaint and properly filled out summons forms, that he wanted served upon Kopec, to def. Brown, along with a letter, asking whether or not Kopec was served or not, and if not please serve him. Neither Brown or the county ever replied.

-4-

14) Johnson, continued to write def's brown and cook letters from Jan 2011 to May 2011, to find out the status of his complaint, and was Kopec served the summons and complaint. To no avail, def's brown and cook simply ignor[e] detainees and prisoners, while responding to non-detained and non-imprisoned litigators.

15) On or about May 5th, 2011 the plaintiff found out that Kopec had not been served on Kopec in the legal malpractice action. Kopec, filed a motion to withdraw as counsel in the action he was appointed to represent Johnson in. Which was a petition to plaintiff declared a sexually violent persons ("SVP"), case no# 09-CR-80010.

16) On May 5, 2011 mailed def. brown and county another letter inquiring about the status of his pending legal malpractice action, and whether Kopec was served the summons and complaint.

17) On or about May 16, 2011 def. brown and county sent plaintiff a response to his May 5th 2011, however, said reply did not answer any of plaintiff's questions, only a pre-printed form, showing what Johnson already knew that the action

-5-

was filed on Nov. 30, 2010 and some case management hearing held on March 22, 2011 which Johnson "knew nothing about". There was no response regarding whether Kopec was served the summons and complaint. The def's Brown and Cook refusal to reply to the plaintiff's inquiry into his action is reckless disregard of his rights. The def's Brown and Cook's decision not respond or failure to serve the summons and complaint or procedure's of providing notice, ⊘ was consistent with Brown and county's de facto policy and practice of deliberately impeding and frusterating detainees and prisoner's access to the courts.

18) Johnson on or about June 26, 2011, after not receiving any reply to his many request Brown and County, filed a motion to have the court have the Cook County sheriff's serve def's. Attached to said motion was a copy of the complaint and summons, along with a letter to def's Brown and Cook, requesting to have this motion filed, and an status report on why Kopec had not been served, and requesting a stamped filed copy.

19) On or about June 29, 2011 def. Brown and Cook, returned plaintiff's exhibits attached

-6-

to his 6/26/11 motion, that was unserved, with no explanation, that was removed from the motion unlawfully. In so acting, defs brown and cook, acted in conformance with the de facto policy and practice, consistent with their reckless disregard of detainees and prisoners rights of access to the courts.

20) Plaintiff wrote brown and the county of cook multiple letters from July 2011 up to September 2011, regarding the status of his action, as well as the outcome of the purported 3/22/11 hearing, to no avail, each letter fell upon deaf ears. This is consistent with defs brown and counties policy and practice of frustrating detainees and prisoner's rights of access to the courts.

21) On or about Sept. 9, 2011 the plaintiff filed an pro-se motion for default judgment. Defs brown and the county removed the attached exhibit and filed it on its own. Something they only do to detainees and prisoners, they never remove exhibits from non-detainees or non-prisoners. This motion has not been ruled on.

-7-

22) On or about September 26, 2011 the plaintiff purportedly served Kopec via mail according to Illinois law on serving process, with a copy of complaint and summons.

23) On or about October 11, 2011 plaintiff filed a "Certificate of service of summons on the defendant and copy of complaint", which has never been Ruled upon to this day.

24) On or about 10/29/12 plaintiff received the def's brown and cooks letter as well as a copy of their Exhibit (A), and found out that his action had been dismissed on July 30th 2012, something plaintiff NEVER knew. Now preventing plaintiff from any kind of appeal. In so acting, def's brown and cook acted in conformance with the de facto policy and practice of cook county, and consistent with their Reckless disregard of prisoners and detainees Rights of access to the courts and notice.

25). As an direct and proximate cause of the def's actions the plaintiff's legal action has been dismissed, and he's barred from any type of appeal, and denied to pursue his legal claim.

- 8 -

26) The def's Brown and county of cook's policy and practice's have violated plaintiff's Rights under the First, Fourth and Fourteenth amendments to the United States constitution.

## STATEMENT OF CLAIMS

27) Def. Brown acted under color of law and in accordance with policies, practices and customs of Cook county clerks office, the Cook county's, oral and written, pronounced and de facto, and in so acting, her conduct constitute deliberate indifference towards and Reckless disregard of detainees and prisoner's constitutional Rights and Plaintiff Terry C. Johnson, as delineated Above.

28) Cook county, acting under color of law and through its officials, employees and agents, authorized, tolerated, Ratified, permitted or acquiesced in policies, practices, and customs, oral and written, pronounced and de facto, including the wanton discrimination of detainees and prisoners, unlawfull and illegal confiscation of legal documents, and lack of notice or access to courts, irregardless of the constitutional Rights of plaintiff Terry C. Johnson, which caused the constitutional violations delineated Above.

-9-

## PRAYER FOR RELIEF

Wherefore, plaintiff respectfully demands a jury trial and pray that this court:

1). Enter judgment for plaintiff jointly and separately against defs, compensatory damages $75,000 dollars and punitive damages of $100,000 dollars @ individually named defendants.

2). Appoint counsel, since plaintiff has not graduated highschool, nor obtained a GED, and him being detained at Rushville, that does not have a law library, as well as his mental disorders, and the cause being very complicated. He's tried to obtain counsel on his own. See Exhibit (A). And

3) Make all arrangments to be present in court for the 2/17/13 hearing, since plaintiff is a detainee and/or Resident of the Illinois department of Human Services, and cannot appear in court without a court order. And.

4) Award any other Relief this court deems just and proper.

Respectfully submitted
Terry C. Johnson

-10-

1680 E. County Farm Rd
Rushville, Il 62681

ss: Jerry C. Johnson

Sworn to before me this 18th day of November, 2012

Sandra Day
NOTARY PUBLIC

```
OFFICIAL SEAL
SANDRA J HAYS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/11/14
```

PROOF OF SERVICE

The undersigned hereby certify that he caused a copy of the foregoing First Verified amended complaint upon the below noted party on Nov. 21, 2012 by placing in a pre-paid envelope

Stephen L. Garcia
500 Richard J Daley Center
Chicago, Il 60602


Terry C. Johnson

-12-

# EXHIBIT A

THE
ROGER
BALDWIN
FOUNDATION
OF ACLU,
INC.

Suite 2300
180 North Michigan Avenue
Chicago, Illinois 60601-1287
(312) 201-9740
Fax (312) 259 50
www.aclu-i



August 11, 2011

Mr. Terry C. Johnson
1680 Country Farm Road
Rushville, Illinois 62681

Dear Mr. Johnson:

Thank you for contacting the American Civil Liberties Union of Illinois. We have reviewed your situation carefully and we regret to inform you that we will not be able to accept your case.

The ACLU office is a legal center that involves itself with broad impact, constitutional litigation. These are issues where the government has abused constitutional rights. Unfortunately, we regret that most cases of individual unfairness or injustice cannot be accepted.

We receive more than 20,000 requests annually for legal assistance. Our resources are limited and we can only act upon a small percentage of the requests. The fact that we cannot help you, however, does not mean that your case has no merit. It may be that we are handling a similar case, that the case does not involve a novel issue pertaining to civil liberties, or that we do not have the resources to handle the case.

You should know that there is a limited time in which legal action may be pursued, sometimes referred to as a statute of limitations. You might be wise to ask an attorney for advice about preserving any rights you may have.

Please accept our regrets that we cannot help you with your situation.

Sincerely,


Intake Department

**Katten**
KattenMuchinRosenman LLP

525 W. Monroe Street
Chicago, IL 60661-3693
312.902.5200 tel
312.902.1061 fax

JONATHAN K. BAUM
jonathan.baum@kattenlaw.com
312.902.5479 direct
312.577.8672 fax

September 12, 2011

**LEGAL MAIL**

Terry Johnson
1680 E. County Farm Road
Rushville, IL 62681

Dear Mr. Johnson:

I am in receipt of your request for pro bono legal assistance directed to Jason Shaffer, formerly with this firm. Unfortunately, our firm will be unable to provide you with such assistance. This determination on our part does not represent any evaluation of the merits of your legal claim.

Sincerely,

Jonathan K. Baum
Director of Pro Bono Services

JKB:jj

# The Patterson Law Firm

August 7, 2012

Terry C. Johnson
1680 E. County Farm Rd.
Rushville, IL 62681

**Re:** July 26, 2012 Correspondence

Dear Terry:

After much review, this letter will confirm that this firm will not represent you in connection with your claims against the parties listed in your correspondence.

Because we are not representing you in this matter, we cannot practically monitor any changes in the law or your circumstances as they might affect the strength of your case, nor provide any material. We must, therefore, disclaim any duty to do so. If you wish to pursue your claim with other counsel, you will need to act promptly. There may be several deadlines involved in your claim. If you fail to file a suit or take other appropriate action by those deadlines, you may lose permanently some, if not all, of your rights.

No attorney-client relationship has been created between this firm and you in connection with this matter and nothing in this letter or in our other communications constitutes legal advice to you.

We thank you for contacting us regarding representing you in this matter, and we trust that you understand why we are unable to do so. We wish you all the best of luck in the matter and trust that justice will be served.

Very truly yours,

*Thomas E. Patterson/ckg*

Thomas E. Patterson

---

1 North La Salle Street, Suite 2100 | Chicago, Illinois 60602 | Phone 312 223 1699 | Fax 312 223 8549 | www.pattersonlawfirm.com